[Civ. No. 2388.    First Appellate District.—April 10, 1918.]

## SHERMAN HARDING, Respondent, v. F. H. DAM et al., Appellants.

MORTGAGE—RENEWAL THROUGH ATTORNEY FOR MORTGAGEE—AGENCY—BREACH BY ATTORNEY AS DEFENSE TO FORECLOSURE.—Where a mortgagor, upon threatened foreclosure proceedings, sent a new note and mortgage to the mortgagee's attorney with instructions to deliver them to the mortgagee upon receipt of the outstanding note and a duly acknowledged satisfaction of the mortgage, the attorney became the mortgagor's agent for their delivery, and the mortgagor cannot, in a foreclosure action upon the new mortgage, set up as a defense the failure of the attorney to obtain the old note and satisfaction of the old mortgage.

ID.—CONSIDERATION FOR NEW OBLIGATION.—Where the new note and mortgage were delivered without surrender of the old note and acknowledged satisfaction of the outstanding mortgage, the mortgagee's acceptance of the new note and mortgage amounted to an extinguishment of the old obligation, and constituted a valuable consideration for the new obligation.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

F. H. Dam, *in pro. per.*, for Appellants.

Richard Belcher, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment of foreclosure of a mortgage dated June 27, 1913, alleged to have been executed by the defendant F. H. Dam in favor of the plaintiff to secure payment of a promissory note of the same date for $8,507.68, payable to the plaintiff on or before two years thereafter, and alleged to have been made by both of the defendants.

The conclusion we have reached on the merits of the case renders a consideration of the preliminary motion made by plaintiff to dismiss the appeal unnecessary.

Briefly stated, the history of the case is this: In the year 1904 defendant F. H. Dam purchased a parcel of real property from the plaintiff, giving in payment therefor his promissory note for five thousand two hundred dollars secured by mortgage on the property. Three years later, Dam having failed to pay any portion of the principal thereof or interest thereon, he gave to plaintiff a new note for $6,074 and a new mortgage. Six years later, Dam still having paid nothing on his said indebtedness, plaintiff demanded payment, and notified him that unless a settlement was made foreclosure proceedings would be commenced. Thereupon Dam sent to the plaintiff a new note and mortgage in the amount of the principal and interest then due. This note was unsatisfactory to the plaintiff and he refused to accept it. Later, after considerable negotiation, plaintiff agreed with Dam that he would accept a note executed by him and his mother, secured by a mortgage on the property described in the complaint. Thereafter, having secured the signature of his mother to such a note, Dam sent it together with the mortgage to one Ray Manwell, who was the attorney for plaintiff, with instructions to deliver them to the plaintiff upon receipt by him for Dam of the outstanding note and a duly acknowledged satisfaction of the mortgage which had been given to secure the same. These instructions, however, it seems were not strictly carried out by Manwell, with the result that while plaintiff received the present note and mortgage, Dam has never received back the prior note, nor was the satisfaction of mortgage which he did receive acknowledged.

Upon these facts the defendants allege in their answer, and now contend, that there was no delivery of the note and mortgage in suit, and that the same are wholly without consideration.

While it appears, as just stated, that Manwell was the attorney for plaintiff, nevertheless it must be held upon the facts related that he was also in effect the agent of the defendants for the purpose of making delivery of the note and mortgage; and the record failing, as it does, to show that plaintiff ever knew or was advised of the condition under which Manwell was to make delivery of the documents, we entertain no doubt that the breach of the condition by Manwell, defendants' agent, is no defense to the action under the circumstances of this case. The record is silent as to why the previous note was not returned, and no reason or object has been suggested why plaintiff should have retained it. Its retention was probably an inadvertence, as doubtless was a clerical error in the satisfaction of mortgage, and the failure to acknowledge the same. Moreover, although Dam must have known that the present note and mortgage had been delivered, it appears that he made no serious complaint concerning the failure of the plaintiff to return the prior instruments until the present note became due and this action was commenced. We are of the opinion that the delivery of the documents was valid, and taken with the acceptance thereof by the plaintiff, amounted under the attending circumstances to an extinguishment of the prior obligation for which they were given in renewal, and that such extinguishment constituted a valuable consideration for the present note and mortgage.

There is no merit in defendants' position that plaintiff obtained these instruments through fraud or deceit, or in the claim that the findings of the court do not respond to the issues framed by the pleadings.

The judgment is affirmed.

Zook, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 6, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for transfer we wish also to express our surprise and our disapprobation of some of the language used by appellants' counsel in his reference to the learned author of the opinion. He refers to

the "so-called history of the case thrust to the front" by the justice who wrote the opinion, and characterizes that history as being "quite as unjust as it is irrelevant." In another part of his petition counsel asserts that "the case narrated" by the learned author of the opinion "is not the case which arose between the parties," and he concludes the petition with the sentence: "Are we not entitled to have the truth told about our case?"

Even the zeal of advocacy can scarcely excuse such lan guage, yet we are unwilling to believe that counsel intended to reflect upon the sincerity and integrity of a member of the district court of appeal. For this reason we are not citing counsel for contempt, but are recording and reprehending his indiscretion as a warning to him and to others of the profession who, in the disappointment of defeat, may be tempted to forget the proprieties and the decencies of practice and to give vent to unjust reflections which in calmer moments they would not think of harboring or uttering.